UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:26-CV-00373-GNS

KHUSHWINDER SINGH DHANDA                                          PETITIONER

v.

MIKE LEWIS, in his official capacity as
Jailer of the Hopkins County Jail;
SAM OLSON, Director of Detroit Field Office,
U.S. Immigration and Customs Enforcement;
MARKWAYNE MULLIN, in his official capacity as
Secretary of the Department of Homeland Security; and
TODD BLANCHE, in his official capacity as
Acting Attorney General                                          RESPONDENTS

## ORDER

This matter is before the Court on the Petitioner's Petition for Writ of Habeas Corpus (DN 1).

In December 2023, Petitioner Khushwinder Singh Dhanda ("Dhanda"), a native and citizen of India, entered the United States, was arrested, and released on his own recognizance. (Resp'ts' Resp. Show Cause Order Ex. 1, at 2, DN 7-1). In April 2026, he was taken into custody by the Indiana State Police and then transferred to the custody of Immigration and Customs Enforcement ("ICE"). (Resp'ts' Resp. Show Cause Order Ex. 1, at 2). Dhanda is currently housed at the Hopkins County Jail. (Pet. ¶¶ 1, 8, 16, DN 1).

Dhanda filed the Petition for Writ of Habeas Corpus against Respondents: Mike Lewis, Jailer of Hopkins County Jail; Samuel Olson, Director of the Detroit Field Office of ICE; Markwayne Mullin, Secretary of the Department of Homeland Security; and Todd Blanche, Acting Attorney General of the United States. (Pet. ¶¶ 17-20). In the Petition, he challenges his

continued detention and alleges violations of the Immigration and Nationality Act and its regulations, and his due process rights under the Fifth Amendment.  (Pet. ¶¶ 64-76).

A writ of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  28 U.S.C. § 2241(a).  Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'"  *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting 28 U.S.C. § 2241(c)).  In seeking habeas relief, Dhanda bears the burden of proving by a preponderance of the evidence that his detention is unlawful.  *See Freeman v. Pullen*, 658 F. Supp. 3d 53, 58 (D. Conn. 2023); *Lallave v. Martinez*, 609 F. Supp. 3d 164, 171 (E.D.N.Y. 2022).

Many cases decided by courts within the Sixth Circuit have considered whether a petitioner must exhaust administrative remedies before seeking relief under Section 2241.  "The Sixth Circuit has held that due process challenges generally do not require exhaustion because the [Board of Immigration Appeals] cannot review constitutional challenges."  *Edahi v. Lewis*, No. 4:25-CV-00129-RGJ, 2025 WL 3466682, at *4 (W.D. Ky. Nov. 27, 2025) (citations omitted).  It is proper to "waive exhaustion . . . when administrative processes may be untimely or may lead to unnecessary hardship.  This typically occurs when the legal question is ripe for resolution, and any delay would mean unnecessary hardship for the Petitioner."  *Id.* (citations omitted); *see also Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 13 (2000) (citation omitted) (noting that the doctrine of exhaustion may be waived when "the legal question is 'fit' for resolution and delay means hardship").  While Respondents assert that habeas relief is now unnecessary because Dhanda may seek a custody determination in light of the Sixth Circuit's decision in *Lopez-Campos v. Raycraft*, Nos. 25-1965/1969/1978/1982, 2026 WL 1283891 (6th

2

Cir. May 11, 2026), their argument ignores the reality that immigration judges were wrongfully denying requests for bond due to lack of jurisdiction and based on the erroneous decision of the Board of Immigration and Appeals in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (B.I.A. 2025) prior to the *Lopez-Campos* decision, and Dhanda was detained prior to the Sixth Circuit's decision.  Because prolonging his detention any further would be an unnecessary hardship, the Court waives the exhaustion requirement.  *See Edahi*, 2025 WL 3466682, at *4.

This Court has previously rejected arguments that a person like Dhanda is an arriving alien subject to 8 U.S.C. § 1225 when the catchall or default rule in 8 U.S.C. § 1226(a) applies to aliens like Dhanda already present within the United States.  *See, e.g.*, *Aquino v. Woosley*, No. 4:26-CV-00043-RGJ, 2026 WL 445033, at *2-9 (W.D. Ky. Feb. 17, 2026); *Coronel-Hernandez v. Woosley*, No. 4:26-CV-00020-DJH, 2026 WL 227011, at *3-4 (W.D. Ky. Jan. 28, 2026); *Resendiz v. Noem*, No. 4:25-CV-00159-GNS, 2025 WL 3527284, at *3-6 (W.D. Ky. Dec. 9, 2025); *Martinez-Elvir v. Olson*, No. 3:25-CV-00589-CHB, 2025 WL 3006772, at *6-11 (W.D. Ky. Oct. 27, 2025).  On May 11, 2026, the Sixth Circuit decided *Lopez-Campos v. Raycraft*, holding:

> We [] find that an "applicant for admission" is not necessarily "seeking admission."  Because no Petitioner is alleged to be seeking admission or lawful entry into the United States, § 1225(b)(2)(A)'s mandatory detention scheme does not apply to them.  And since "§ 1226 applies to aliens already present in the United States" and "creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings," Petitioners could have been detained pursuant to only § 1226.

*Lopez-Campos*, 2026 WL 1283891, at *11 (citing *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018)).  Therefore, Section 1226(a) applies to Dhanda.

In addition, this Court has repeatedly held that an alien being erroneously detained under Section 1225 when he is eligible for bond under Section 1226(a) can prove a due process

3

violation under the three-part balancing test articulated in *Mathews v. Eldridge*, 424 U.S. 319 (1976).  *See, e.g.*, *Aquino*, 2026 WL 445033, at *10-12; *Coronel-Hernandez*, 2026 WL 227011, at *4-5; *Martinez-Elvir*, 2025 WL 3006772, at *11-13.  The unlawful detention of Dhanda implicates his liberty interest to which due process applies and precludes him from challenging his detention creating a high risk of erroneous deprivation of the liberty interest, which can be remedied by providing a bond hearing before a neutral immigration judge.  *See Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) (internal citation omitted) (citing *Youngberg v. Romeo*, 457 U.S. 307, 316 (1982)); *Günaydin v. Trump*, 784 F. Supp. 3d 1175, 1187 (D. Minn. 2025); *Pinchi v. Noem*, No. 5:25-CV-05632-PCP, 2025 WL 2084921, at *5 (N.D. Cal. July 24, 2025).  As this Court has recognized, "a 'routine bond hearing before an [immigration judge]' presents 'minimal' fiscal and administrative burdens, and 'there is an established process for doing so that [the Department of Homeland Security] can readily follow here.'"  *Alonso v. Tindall*, No. 3:25-CV-652-DJH, 2025 WL 3083920, at *9 (W.D. Ky. Nov. 4, 2025) (alterations in original) (quoting *Hyppolite v. Noem*, No. 25-CV-4304 (NRM), 2025 WL 2829511, at *15 (E.D.N.Y. Oct. 6, 2025)).

When individuals have been illegally detained by ICE, courts have ordered their release.  *See Patel v. Tindall*, No. 3:25-CV-373-RGJ, 2025 WL 2823607, at *6 (W.D. Ky. Oct. 3, 2025); *Barrera v. Tindall*, No. 3:25-CV-00541-RGJ, 2025 WL 2690565, at *7 (W.D. Ky. Sep. 19, 2025); *see also Roble v. Bondi*, No. 25-CV-3196 (LMP/LIB), 2025 WL 2443453, at *5 (D. Minn. Aug. 25, 2025).  "Habeas has traditionally been a means to secure release from unlawful detention . . . ."  *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020).  Consistent with these norms, Dhanda must be released, and if he is arrested and re-detained, he is entitled to a bond hearing on the merits under 8 U.S.C. § 1226 before a neutral immigration judge.

Accordingly, **IT IS HEREBY ORDERED** as follows:

1.      The Petition for Writ of Habeas Corpus (DN 1) is **GRANTED**.  Respondents are directed to release Petitioner Khushwinder Singh Dhanda from custody **IMMEDIATELY**, and, in the event that he is arrested and re-detained, provide him with a bond hearing before a neutral immigration judge in accordance with 8 U.S.C. § 1226(a).  Respondents shall certify compliance with the Court's Order by filing on the docket no later than **5:00 PM CT today**.

2.      Upon receipt of the notice of compliance, the Clerk shall strike this matter from the active docket.

**Greg N. Stivers, Judge**
**United States District Court**
June 10, 2026

cc:     counsel of record

5